UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| CYPRESS CREEK EQUINE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NORTH AMERICAN SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | Case No. 5:22-cv-00095-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant North American Specialty Insurance Company's Motion for a More Definite Statement and Joinder of a Necessary Party. [R. 7.] After the death of its stallion, Plaintiff Cypress Creek Equine filed this action for a declaratory judgment that the parties' insurance agreement covered the stallion's death. [R. 1-1.] NAS now requests that the Court order the joinder of a party under Rule 19 and that Cypress provide a more definite statement under Rule 12(e). [R. 7.] For the following reasons, the motion is **DENIED**.

I

Cypress, a limited liability company engaged in breeding and racing horses, owned a stallion named Laoban. [R. 1-1 at 3.] Cypress contracted with NAS to provide it with mortality insurance to cover Laoban's possible death. *Id.* In May, 2021, Laoban died unexpectedly after being given vitamin and mineral supplements. *Id.* Three months later, NAS notified Cypress by letter that it denied Cypress insurance coverage. *Id.*

Cypress filed this action seeking a declaratory judgment that Cypress is entitled to full mortality coverage from NAS. *Id.* at 4. NAS now moves for a more definite statement and joinder of a necessary party.

## II

NAS argues that Cypress failed to join a necessary party to the action under Rule 19 and Cypress's complaint is so vague that NAS cannot reasonably prepare a response under Rule 12(e). [R. 7 at 3, 7.] Both arguments fail.

### A

NAS first contends that Federal Rule of Civil Procedure 19 requires the joinder of Southern Equine Stables, LLC, because the parties' insurance agreement names Southern as an insured party and its inclusion would pose no jurisdictional issues. *Id.*

When determining whether to join an absent party under Rule 19, the Court engages in a three-part analysis. *See Laethem Equip. Co. v. Deere & Co.*, 485 F. App'x 39, 43 (6th Cir. 2012). The Court begins by determining whether the party is necessary under Rule 19(a). *See id.* After satisfying this step, the Court then evaluates whether joinder is feasible and, if not, whether the suit may continue in the party's absence or if the case should be dismissed because the party is indispensable. *See id.* The moving party carries the burden of establishing that an absent party is necessary to the action. *See Boles v. Greeneville Hous. Auth.*, 468 F.2d 476, 478 (6th Cir. 1972).

A party can be necessary to the action in two ways. First, a party is necessary if "in that person's absence, the court cannot accord complete relief among the existing parties." Fed. R. Civ. P. 19(a)(1)(A). Determining whether the Court can accord complete relief "does not concern any subsequent relief via contribution or indemnification." *Phillips v. Sun Life*

2

*Assurance Co. of Canada*, No. 1:20-cv-937, 2022 U.S. Dist. LEXIS 208466, at *6 (S.D. Ohio Nov. 16, 2022). Rather, the Court considers only the ability of the existing defendant to satisfy an award to the existing plaintiff. *See id.* (finding that a life-insurance beneficiary was not a necessary party between the insurer and other beneficiaries).

Here, Cypress seeks a declaratory judgment that NAS owes it insurance proceeds. [R. 1-1.] If the policy requires NAS to pay the policy proceeds to Cypress, then a judgment in favor of Cypress will fully redress its claim. That Southern or NAS might be entitled to "subsequent relief via contribution or indemnification" does not deprive the Court from according complete relief between the existing parties in this action. *Phillips*, 2022 U.S. Dist. LEXIS 208466, at *6; *Brown v. Am. Int'l Grp.*, 339 F. Supp. 2d 336, 342-43 (D. Mass. 2004) ("Accordingly, the absence of other individual insureds poses no bar to according complete relief among those already parties."). Yet even if Rule 19 requires all insureds to join an action under an insurance policy, NAS fails to establish that Southern would be entitled to any insurance proceeds, as explained below. Therefore, the Court can order complete relief in Southern's absence.

Second, a party is necessary if it "claims an interest relating to the subject of the action" and continuing the action would impair the absent party's interest or leave an existing party subject to a risk of additional or inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B). To "claim[] an interest," some courts require that the absent party affirmatively assert an interest in the subject matter of the litigation. *See, e.g.*, *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996); *Harvill v. Harvill*, No. 3:12-cv-00807, 2013 U.S. Dist. LEXIS 44937, at *12 (M.D. Tenn. Mar. 27, 2013) (finding that the absent party was not necessary where there was "no indication that he has claimed any interest in the Trust, or that he wishes to be involved in this litigation"). Other courts simply require that the absent party have a legal interest in the subject

3

matter. *See, e.g.*, *Williams-Sonoma Direct, Inc. v. Arhaus, LLC*, 304 F.R.D. 520, 530 (W.D. Tenn. 2015). State law provides guidance for determining whether parties have an interest in litigation. *See Hooper v. Wolfe*, 396 F.3d 744, 749 n.4 (6th Cir. 2005).

While the Sixth Circuit has not directly approached the issue, NAS fails to establish that Southern claims an interest under either test. NAS argues that Southern claims an interest in the insurance proceeds because Southern is an insured party and the application for insurance lists Southern as an owner of Laoban. [R. 7-1 at 9.] On the other hand, Cypress contends that Southern remains a named insured merely as "a relic from the insurance renewal process" and that Southern owned no interest in Laoban at the date of death. [R. 10 at 5.] In support, Cypress provides a declaration from Southern's manager and sole known member. [R. 10-2.] The declaration states that Southern owned a half-interest in Laoban before June 2020 but sold its entire interest to Cypress. *Id.* The sale, the declaration states, completely divested Southern's interest in Laoban. *Id.*

NAS thus fails to carry its burden of establishing that Southern claims an interest in the insurance proceeds. First, no evidence suggests that Southern has affirmatively claimed an interest in the insurance or in Laoban. In fact, the declaration affirmatively states that Southern has no interest and indicates that Southern does not "wish[] to be involved in this litigation." *Harvill*, 2013 U.S. Dist. LEXIS 44937, at *12. Second, NAS does not show that Southern even has an interest related to the subject matter. *See Williams-Sonoma Direct*, 304 F.R.D. at 530. Though the insurance application names Southern as an insured party, Cypress's declaration shows that Southern "completely divested" any interest in Laoban. [R. 10-2.] And because Southern sold its interest in Laoban, Southern does not have an interest in an insurance policy on Laoban. *See Sparks v. Trustguard Ins. Co.*, 389 S.W.3d 121, 125-26 (Ky. Ct. App. 2012)

4

("Kentucky law requires a person to have an insurable interest in the insured property both at the time of the making of the contract and at the time of the loss.").

Southern is not a necessary party because the Court can accord complete relief among the existing parties and Southern does not claim an interest relating to the insurance policy. *See* Fed. R. Civ. P. 19(a)(1)(A)(i)-(ii). Thus, further analysis under Rule 19 is unnecessary.

**B**

NAS also seeks a more definite statement because it cannot reasonably respond to Cypress's complaint. [R. 7-1 at 3-7.] But because the complaint provided sufficient notice of Cypress's claims, a more definite statement is improper.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(e) provides that a party may move for a more definite statement of a pleading that is "so vague or ambiguous" that the other party "cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion must "point out the defects complained of and the details desired." *Id.* Thus, a complaint needs to give the defendant only "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Metro. Prop. & Cas. Ins. Co. v. Bolin*, Civil Action No. 17-135-HRW, 2018 U.S. Dist. LEXIS 37835, at *3 (E.D. Ky. Mar. 8, 2018) (citing *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005)).

Despite having this tool at hand, courts disfavor motions for more definite statements. *See United States v. Paul*, 2008 U.S. Dist. LEXIS 39321, at *5 (E.D. Ky. May 13, 2008) (citing *Innovative Digital Equip., Inc. v. Quantum Tech., Inc.*, 597 F. Supp. 983, 989 (N.D. Ohio 1984)). A "motion for more definite statement is designed to strike at unintelligibility rather than simple want of detail . . . . [It] must be denied where the subject complaint is not so vague or ambiguous

as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." *Id.* (internal quotations omitted). Indeed, the pleadings standards rely on "liberal discovery rules and summary judgment motions" rather than technical pleading requirements. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

NAS argues that the complaint fails to provide notice of Cypress's claims because "it does not identify the policies under which it claims coverage exists" and does not give reasons "to support a coverage determination." [R. 7-1 at 4.] Cypress's complaint alleges that it owned a stallion named Laoban that died on May 24, 2021, after "being given vitamin and mineral supplements." [R. 1-1 at 3.] The complaint further alleges that "Cypress was insured for the death by mortality insurance policies" issued by NAS and that it is entitled to the proceeds of the insurance policies. *Id.* Lastly, the complaint contends that NAS wrongfully denied insurance coverage through a letter dated August 4, 2021. *Id.* The letter referenced in the complaint provides the claim and policy numbers for two insurance policies between the parties that cover Laoban. [R. 10-1 at 1.] Citing specific language from the insurance agreement, the letter also extensively details NAS's reasons for denying coverage, including that Laoban received unauthorized medication, Laoban received inadequate care, and the insurance application failed to disclose medical information. [R. 1-29.]

The complaint provides NAS with sufficient notice of Cypress's declaratory judgment claim. The complaint alleges that the parties had an insurance agreement. [R. 1-1.] It provides the insured stallion's name, date of death, and presumed cause of death. *Id.* And it alleges that NAS wrongfully denied coverage for the reasons described in the August letter. *Id.* Those allegations provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bolin*, 2018 U.S. Dist. LEXIS 37835, at *3. *Compare Hollon v. Consumer Plumbing*

6

*Recovery Ctr.*, Civil Action No. 5:05-414-JMH, 2006 U.S. Dist. LEXIS 8117, at *13 (E.D. Ky. Mar. 2, 2006) (ordering a more definite statement where the plaintiff does not state facts "other than there was an agreement that both defendants refused to honor"), *with Bolin*, 2018 U.S. Dist. LEXIS 37835, at *5 (denied where the complaint quoted parts of an agreement and alleged that the insured "may not have had an insurable interest in the subject property, may have failed to cooperate in the investigation of the claim, and/or may have concealed facts").

Certainly, the complaint's fifteen numbered paragraphs leave facts to be desired. But in light of the opportunity for extensive pretrial discovery, a motion for a more definite statement should not be used as a substitute for discovery. See *Swierkiewicz*, 534 U.S. at 512.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that the Defendant's Motion for More Definite Statement and Joinder of a Necessary Party **[R. 7]** is **DENIED**.

This the 3rd day of January, 2023.

Gregory F. Van Tatenhove
United States District Judge

7