UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CYPRESS CREEK EQUINE, LLC,       )
                                 )
        Plaintiff,               )        Case No. 5:22-cv-00095-GFVT
                                 )
v.                               )
                                 )        **MEMORANDUM OPINION**
NORTH AMERICAN SPECIALTY         )        **&**
INSURANCE COMPANY,               )        **ORDER**
                                 )
        Defendant.               )

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is before the Court on Defendant North American Specialty Insurance Company's Motion to Permissibly Join Southern Equine Stables as a Counter-Defendant. [R. 14.] After the death of its stallion, Plaintiff Cypress Creek Equine filed this action for a declaratory judgment that the parties' insurance agreement covered the stallion's death. [R. 1-1.] NAS answered and brought a counterclaim against Cypress Creek for declaratory relief. [R. 13.] NAS now moves for leave to join Southern Equine Stables as a counter-defendant to its counterclaim seeking declaratory relief. [R. 14.] For the following reasons, the NAS's motion [**R. 14**] is **GRANTED**.

**I**

Cypress Creek, a company engaged in breeding and racing horses, owned a stallion named Laoban. [R. 1-1 at 3.] Cypress Creek contracted with NAS to provide it with mortality insurance to cover Laoban's possible death. *Id.* In May, 2021, Laoban died unexpectedly after being given vitamin and mineral supplements. *Id.* Three months later, NAS notified Cypress Creek by letter that it denied insurance coverage for Laoban's death. *Id.* Cypress Creek filed

this action seeking a declaratory judgment that it is entitled to full mortality coverage from NAS. *Id.* at 4.

NAS moved to join Southern Equine Stables as a necessary party under Rule 19.  [R. 7.] After the Court denied NAS's motion, it filed a counterclaim against Cypress Creek for declaratory relief.  [R. 12; R. 13.]  NAS now requests leave to join Southern Equine Stables as a counter-defendant to its counterclaim against Cypress Creek.  [R. 14.]

## II

### A

NAS seeks leave to join Southern Equine Stables as a counter-defendant to its counterclaim under Rule 13.  [R. 14.]  Rule 13 allows additional parties to be joined to an existing counterclaim in accordance with Rules 19 and 20.  Fed. R. Civ. P. 13(h).  Courts interpret this rule liberally to promote the expeditious and economic administration of justice. *See Lasa Per L'Industria Del Marmo Societa Per Azioni v. Alexander*, 414 F.2d 143, 146 (6th Cir. 1969).  Even so, a counterclaim cannot be directed only against a person who is not already a party to the original suit.  Wright & Miller, *supra*, § 1435; *accord FDIC v. Bathgate*, 27 F.3d 850, 873 n.13 (3d Cir. 1994); *Sergent v. McKinstry*, 472 B.R. 387, 398 (E.D. Ky. 2012) (Thapar, J.); *Various Mkts. v. Chase Manhattan Bank, N.A.*, 908 F. Supp. 459, 471 (E.D. Mich. 1995).  To join a new party under Rule 13(h), a counterclaim must involve at least one existing party. Wright & Miller, *supra*, § 1435.

NAS asks for leave to add Southern Equine as a party to its counterclaim against Cypress Creek.  [R. 14.]  NAS's counterclaim against Southern Equine for declaratory relief is therefore brought against both an existing party and a non-party.  Accordingly, Rule 13(h) permits NAS to bring this claim against Southern Equine if Southern Equine can be joined to this action by Rule

19 or 20.  Because this Court previously ruled that Southern Equine cannot be joined under Rule 19, NAS argues that joinder under Rule 20 is appropriate.  [*See* R. 12.]

**B**

Rule 20 allows a defendant to be joined in an action where: (1) the plaintiff asserts a right to relief jointly, severally, or in the alternative against the defendants with respect to the same transaction, occurrence, or series of transactions or occurrences and (2) some question of law or fact common to all the parties will arise in the action.  Fed. R. Civ. P. 20(a)(2)(B); Wright & Miller, *supra*, § 1653.  Courts liberally interpret transaction or occurrence to avoid generating a multiplicity of suits.  *See Alexander*, 414 F.2d at 150.  The Sixth Circuit has endorsed the logical relationship test for assessing this requirement.  *See id.*  Under that test, "all logically related events entitling a person to institute a legal action against another typically are regarded as comprising a transaction or occurrence."  Wright & Miller, *supra*, § 1653.  In the end, the Federal Rules of Civil Procedure favor adjudicating the rights of all parties in one action.  *See Alexander*, 414 F.2d at 146.

Here, Cypress Creek does not dispute that NAS's proposed claims for declaratory relief against Cypress Creek and Southern Equine relate to the same transaction or occurrence.  *See* Fed. R. Civ. P. 20(a)(2)(A).  Indeed, NAS's counterclaim requests a determination of the parties' rights under the same insurance policies allegedly covering Laoban's death.  [R. 14-1 at 5.]  Similarly, Cypress Creek does not dispute that some question of law or fact common to all the parties will arise in the action.  *See* Fed. R. Civ. P. 20(a)(2)(B).  Certainly, NAS's claims against Cypress Creek and Southern Stables will involve the same questions concerning the scope of the insurance policies covering Laoban.  And courts regularly allow a plaintiff to assert a claim for declaratory relief with respect to the same contract against multiple parties.  *See, e.g.*, *Aleynikov*

*v. Goldman Sachs Grp., Inc.*, No. 12-5994 (KM), 2013 U.S. Dist. LEXIS 155137, at *34 (D. N.J. Oct. 29, 2013); *Deehan v. UNUM Grp.*, Civil Action No. 3:22-cv-00880-JMC, 2022 U.S. Dist. LEXIS 137021, at *11 (D. S.C. Aug. 1, 2022).

Rather, Cypress Creek argues that NAS does not assert a right to relief jointly, severally, or in the alternative against Cypress Creek and Southern Stables because the Court denied NAS's previous motion to join Southern Stables as a necessary party under Rule 19.  [*See* R. 12.]  The Court reasoned that NAS, through its briefing, failed to establish that Southern Stables "claims an interest relating to the subject matter of the action" under Federal Rule of Civil Procedure 19(a)(1)(B).  *Id.* at 4-5.  But the Court's holding extended only to NAS's motion for necessary joinder under Rule 19.  The Court did not, and could not, find "that Southern has no interest in the NAS insurance policies" for all purposes.  [R. 20 at 2;] *See Kopetovske v. Mut. L. Ins. Co.*, 187 F. 499, 505 (6th Cir. 1911) ("[T]he existence or nonexistence of an insurable interest is a question of fact to be determined from the evidence.").  Moreover, unlike with Rule 19, joinder under Rule 20 does not require that the movant show that the nonparty claims an interest in the subject matter.  *Compare* Fed. R. Civ. P. 19(a)(1)(B), *with* Fed. R. Civ. P. 20(a)(2)(A).  Rule 20 requires only that the movant assert a right to relief jointly, severally, or in the alternative.  *Id.* NAS indeed asserts such a claim by requesting declaratory relief with respect to the same insurance agreements.  *See, e.g.*, *Aleynikov*, 2013 U.S. Dist. LEXIS 155137, at *34.

### III

Accordingly, and the Court being sufficiently advised, Defendant North American Specialty Insurance Company's Motion for Leave to Permissibly Join Southern Equine Stables [**R. 14**] is **GRANTED**.

This the 9th day of May, 2023.

Gregory F. Van Tatenhove
United States District Judge